UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERLIB INVESTORS, LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> COHN & COHN, an Illinois partnership, ERWIN COHN, CHARLES A. COHN, and JPMORGAN CHASE BANK, N.A. d/b/a CHASE BANK, <br><br> Defendants. | No. _____ |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, JERLIB INVESTORS, LLC ("JerLib"), by and through its attorney, Victor J. Pioli of JOHNSON & BELL, LTD., and for its Verified Complaint for Injunctive and Other Relief against Defendants, COHN & COHN ("C&C"), ERWIN COHN ("Erwin"), CHARLES COHN ("Charles") and JPMORGAN CHASE BANK, N.A. d/b/a CHASE BANK ("Chase"), states as follows:

INTRODUCTION

1. This is a lawsuit brought by JerLib to recover $3,000,000 that it dutifully deposited into an escrow account at Chase and over which C&C acted as escrow agent. Pursuant to the clear and unequivocal terms of the escrow agreement at issue, JerLib is entitled to the return of its $3,000,000. Yet, C&C, Erwin Cohn, and Charles Cohn have inexplicably refused to return JerLib's $3,000,000 despite repeated requests to do so. In fact, C&C, Erwin Cohn, and Charles Cohn refuse to even acknowledge JerLib's repeated demands for the return of their $3,000,000. C&C, Erwin Cohn, and Charles Cohn's action are entirely without justification and in violation of their legal and ethical duties.

## PARTIES

2. Plaintiff, JERLIB INVESTORS, LLC ("JerLib") is a limited liability company duly organized and existing under the laws of the state of Florida, with its principal place of business located at 1433 SW 57th Ter., Cape Coral, FL 33914. JerLib's sole member and manager is Gerald C. Forstner, Jr. who is an individual and citizen of the state of Florida.

3. Defendant, COHN & COHN ("C&C") is, upon information and belief, a partnership duly organized and existing under the laws of the state of Illinois, with its principal place of business located at 77 West Washington Street, Suite 1422. Cohn & Cohn has two partners: Erwin Cohn and Charles A. Cohn.

4. Defendant, ERWIN COHN ("Erwin"), is an individual and a citizen of the state of Illinois.

5. Defendant, CHARLES A. COHN ("Charles"), is an individual and a citizen of the state of Illinois.

6. Defendant, JPMORGAN CHASE BANK, N.A. d/b/a CHASE BANK ("Chase"), is a Delaware corporation with its headquarters and principal place of business located in New York, NY.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists among the parties and the amount in controversy exceeds the sum of $75,000. Specifically, Plaintiff is a citizen of the state of Florida; Defendants C&C, Erwin and Charles are citizens of the state of Illinois; and Defendant Chase is a citizen of the states of Delaware and New York.

8. Venue over the matter in controversy properly lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) (1) and (2) because all Defendants reside in the Northern District of

Illinois and a substantial part of the events giving rise to this cause of action occurred in the Northern District of Illinois and the property that is the subject of this dispute is located in the Northern District of Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

### *The Good Faith Agreements*

9. On or about May 25, 2018, JerLib entered into an original Good Faith Agreement with SynSel Energy, Inc. ("SynSel") which was later amended five (5) times to extend certain deadlines for payment obligations owed by SynSel to JerLib. To obtain the payments due from SynSel, JerLib was required to maintain funds of $3,000,000 in its Chase Bank account.

10. On or about March 11, 2019, JerLib and SynSel entered into a new Good Faith Agreement (the "GFA"). A true and correct copy of the GFA is attached hereto as Ex. A.

11. The GFA attached the original May 25, 2018 Good Faith Agreement and set new deadlines for SynSel's payment obligations. *See* GFA, Ex. A, at ¶ 3 (c)-(e).

12. The GFA required the formation of a $3,000,000 cash escrow account pursuant to an Escrow Agreement (the "Escrow Agreement"). *See* GFA, Ex. A, at ¶¶ 1, 2, and Ex. 2.

13. The GFA specifies that "Cohn & Cohn Attorneys at Law of Chicago, Illinois will serve as Escrow Agent" and further requires the Escrow Agent to establish an account at "Chase Bank, Chicago, Illinois" for the purpose of holding the $3,000,000 of escrowed funds to be deposited by Jer-Lib. *See* GFA, Ex. A, at ¶ 2 (a)-(b).

### *The Escrow Agreement And Its Terms*

14. The Escrow Agreement has an "Effective Date" of March 13, 2019 and was executed on the same date. *See* Escrow Agreement, Ex. B hereto, at p. 1.

15. The Escrow Agreement designates C&C as "Escrow Agent" and requires JerLib to deposit "the sum of Three Million US Dollars ($3,000,000 USD) (the "Escrow Funds") into the

Escrow Agent's designated non-interest bearing Escrow account in a bank acceptable to [JerLib]." *See* Escrow Agreement, Ex. B, at p. 1, ¶ 2.

16. The Escrow Account was established by C&C at Chase in Chicago, Illinois – Account No. #####3532 (the "Escrow Account"). *See* Escrow Agreement, Ex. B, at p. 8.

17. Under the Escrow Agreement, C&C was charged to "provide all general services required in carrying out the duties of Escrow Agent including safekeeping and the receipt into escrow of funds in the amount of Three Million US Dollars ($3,000,000 USD) from [JerLib]." *See* Escrow Agreement, Ex. B, at p. 1.

18. The Escrow Agreement provides the following with respect to C&C's duties under the Escrow Agreement:

> **General Rights and duties of Escrow Agent:** The Escrow Agent agrees to ensure the security of the escrowed funds and the Escrow Agent agrees to perform its duties hereunder with the same degree of care as that of a prudent fiduciary. The Escrow Agent does not have an interest in the Escrow Funds and has possession thereof only as Escrow Agent in accordance with the terms of this Agreement.

*See* Escrow Agreement, Ex. B, at ¶ 12.

19. The Escrow Agreement further provides that "The Parties expressly agree that the Escrow Agent is acting and shall act at all times solely on the executed instructions from the Client and no other party." *See* Escrow Agreement, Ex. B, at ¶ 3.

20. The Escrow Agreement also states as follows with respect to JerLib's entitlement to have its $3,000,000 returned:

> After 75 days from the Effective Date herein, *Client will have the absolute right to remove its funds from the Escrow Account at any time with written notice to Escrow Agent. Escrow Agent agrees to transfer the full balance of the Escrow Account funds paid into the escrow account to Client in readily available funds within five (5) business days*, in accordance with instructions to be provided by Client in such written notice.

*See* Escrow Agreement, Ex. B, at ¶ 1-A (emphasis added).

4

21. JerLib complied with all of its obligations under the Escrow Agreement, including *inter alia* depositing $3,000,000 into the Escrow Account.

***Jerlib's Repeated Demands For the Return Of Its Money In The Escrow Account Go Unanswered and Unheeded***

22. SynSel failed to live up to its payment obligations to JerLib under the GFA.

23. Regardless, pursuant to the terms of the Escrow Agreement, after 75 days from the Effective Date of the Escrow Agreement (*i.e.*, after May 27, 2019), JerLib possessed the absolute right to have its $3,000,000 in escrowed funds being held in the Escrow Account returned at any time upon written notice to C&C.

24. On July 12, 2019, JerLib wrote to Erwin and C&C advising that JerLib was "exercising its right to immediately remove all its funds from the Escrow Account totaling Three Million Dollars ($3,000,000), plus any interest earned or accrued on such account." *See* 7/12/2019 Letter from G. Forstner to Erwin Cohn, Ex C.

25. JerLib's July 12, 2019 correspondence to Erwin and C&C went unacknowledged and unanswered.

26. On August 5, 2019, JerLib's counsel again wrote to Erwin, Charles, and C&C and once again advised that JerLib was exercised its rights under the Escrow Agreement to have its $3,000,000 returned from the Escrow Account. *See* 8/5/2019 Letter from D. Boggs to Erwin and Charles Cohn, Ex D.

27. JerLib's August 5, 2019 correspondence to Erwin, Charles, and C&C went unacknowledged and unanswered.

28. On August 13, 2019, JerLib's counsel wrote to Chase advising that JerLib had exercised its rights under the Escrow Agreement to have its $3,000,000 returned and requested confirmation that Chase still possessed the funds. *See* 8/13/2019 Letter from D. Boggs to Chase, Ex. E.

5

29. JerLib's August 13, 2019 correspondence to Chase went unacknowledged and unanswered.

30. On August 29, 2019, JerLib's Illinois counsel wrote to Erwin, Charles, and C&C advising that JerLib demanded the return of its $3,000,000 and that Erwin, Charles, and C&C's inexplicable refusal to return those funds violated their obligations under the Rules of Professional Conduct. *See* 8/29/2019 Letter from V. Pioli to Erwin Cohn, Ex. F.

31. JerLib's August 29, 2019 correspondence to Erwin, Charles, and C&C went unacknowledged and unanswered.

### COUNT I – INJUNCTIVE RELIEF
### (ALL DEFENDANTS)

32. Jerlib re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. The Escrow Agreement is a valid and enforceable contract under Illinois law.

34. Pursuant to the terms the Escrow Agreement, JerLib is entitled to the immediate return of the $3,000,000 of Escrow Funds being held in the Escrow Account. JerLib has properly tendered written demands in accordance with ¶ 1-A of the Escrow Agreement for the return of the balance of the Escrow Account. Defendants have inexplicably failed to act upon JerLib's repeated demands.

35. Consequently, JerLib seeks injunctive relief providing that no funds from the Escrow Account be paid out, withdrawn, or otherwise transferred from the Escrow Account. JerLib also seeks a mandatory injunction directing that the Escrow Funds contained in the Escrow Account be paid to JerLib.

36. JerLib does not have an adequate remedy at law. The lawsuit concerns the disposition of a specific fund – *i.e.*, the Escrow Account containing the Escrow Funds. If the Escrow Account is dissipated and/or diminished, JerLib will be left without any remedy at all.

37. JerLib has established, based on the allegations and exhibits attached hereto, that it is likely to succeed on the merits of its claims.

38. JerLib will be irreparably harmed should this Court fail to enter the injunctive relief sought by JerLib. Specifically, JerLib will forever lose its rights to the Escrow Funds being held in the Escrow Account solely for its benefit should Defendants be allowed to dissipate or otherwise dispose of the Escrow Funds expect to return the Escrow Funds to JerLib.

39. An injunction can be narrowly drawn so that is solely for the purposes sought herein.

WHEREFORE, Plaintiff, JERLIB INVESTORS, LLC, respectfully requests that this Court enter judgment on this Count I in its favor and against Defendants, COHN & COHN, ERWIN COHN, CHARLES COHN, and JPMORGAN CHASE BANK, N.A. d/b/a CHASE BANK, for the following:

  (i)   A preliminary and permanent injunction against Defendants, COHN & COHN, ERWIN COHN, CHARLES COHN, and JPMORGAN CHASE BANK, N.A. d/b/a CHASE BANK, to prevent Defendants from dissipating, transferring, withdrawing, or otherwise disposing of the funds in the Escrow Account;

  (ii)   A mandatory injunction against Defendant, Defendants, COHN & COHN, ERWIN COHN, CHARLES COHN, and JPMORGAN CHASE BANK, N.A. d/b/a CHASE BANK, requiring that the funds in the Escrow Account be transferred to JerLib in accordance with the terms of the Escrow Agreement and JerLib's demands and instructions; and

  (iii)   For such other relief as the Court deems just and proper.

### COUNT II – DECLARATORY JUDGMENT
### (ALL DEFENDANTS)

40. JerLib re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. Based upon the facts set forth above, ¶¶ 9 to 31 *supra*, there exists an actual controversy between JerLib and Defendants regarding JerLib's entitlement to the return of its $3,000,000 under the terms of the Escrow Agreement.

42. As a result, JerLib seek a declaration that JerLib has complied with its obligations under the Escrow Agreement; JerLib has the right to the immediate return of its $3,000,000 in funds being held in the Escrow Account; C&C, Erwin, and Charles have no basis for refusing to direct the release of JerLib's funds; and Chase has no basis for refusing to release JerLib's funds.

WHEREFORE, Plaintiff, JERLIB INVESTORS, LLC, respectfully requests that this Honorable Court enter a declaratory judgment that:

(i) JerLib has complied with its obligations under the Escrow Agreement;

(ii) JerLib has the right to the immediate return of its $3,000,000 in funds being held in the Escrow Account;

(iii) C&C, Erwin, and Charles have no basis for refusing to direct the release of JerLib's funds;

(iv) Chase has no basis for refusing to release JerLib's funds; and

(v) For such other relief as the Court deems just and proper.

### COUNT III – ACCOUNTING
### (COHN & COHN, ERWIN, AND CHARLES)

43. JerLib re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. As set forth *supra*, JerLib does not possess an adequate remedy at law.

45. Further, by virtue of their status as Escrow Agent and pursuant to the terms of the Escrow Agreement, C&C, Erwin and Charles owed fiduciary duties to JerLib as the party who deposited the funds into the Escrow Account and for whose benefit the funds are being held in the Escrow Account.

46. C&C, Erwin and Charles have breached the fiduciary duties they owe to JerLib by *inter alia* refusing to transfer the $3,000,000 held in the Escrow Account back to JerLib as they have been directed to do.

47. As a result, JerLib is entitled to an accounting of the amounts remaining in the Escrow Account and return of all remaining funds.

WHEREFORE, Plaintiff, JERLIB INVESTORS, LLC, respectfully requests that this Court enter judgment on this Count III in its favor and against Defendants, COHN & COHN, ERWIN COHN, and CHARLES COHN, for the following:

    (i) Directing Erwin, Charles and C&C to provide an accounting of all funds in the Escrow Account;

    (ii) A judgment against Erwin, Charles and C&C in the amount the funds remaining in the Escrow Account plus whatever amounts have been withdrawn from the Escrow Account; and

    (iii) For such other relief as the Court deems just and proper.

### COUNT IV – BREACH OF CONTRACT
### (COHN & COHN, ERWIN, AND CHARLES)

48. JerLib re-alleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. The Escrow Agreement is a valid and enforceable contract under Illinois law.

50. C&C, Erwin, and Charles have breached their obligations under the Escrow Agreement by *inter alia*: (1) failing to act solely at the solely on the executed instructions from JerLib as required under ¶ 3 of the Escrow Agreement; and (2) failing to transfer the full balance of the Escrow Account to JerLib as instructed to do so in accordance with ¶ 1-A of the Escrow Agreement.

51. JerLib has performed all of its obligations under the Escrow Agreement, including depositing $3,000,000 into the Escrow Account and providing written notice pursuant to ¶ 1-A of the Escrow Agreement.

52. As a consequence of C&C, Erwin, and Charles' unlawful breaches of the Escrow Agreement, JerLib has suffered damages in an amount exceeding $3,000,000 because it has been deprived of the Escrow Funds which belong to JerLib and the use of said funds.

WHEREFORE, Plaintiff, JERLIB INVESTORS, LLC, respectfully requests that this Court enter judgment on this Count IV in its favor and against Defendants, COHN & COHN, ERWIN COHN, and CHARLES COHN, jointly and severally, as follows:

  (i)   For compensatory damages in an amount to be proven at trial, which JerLib believes will exceed $3,000,000; and

  (ii)  For such other relief as the Court deems just and proper.

### COUNT V – BREACH OF FIDUCIARY DUTY
### (COHN & COHN, ERWIN, AND CHARLES)

53. JerLib re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54. By virtue of their status as Escrow Agent and pursuant to the terms of the Escrow Agreement, C&C, Erwin and Charles owed fiduciary duties to JerLib as the party who deposited the funds into the Escrow Account and for whose benefit the funds are being held in the Escrow Account.

55. Further, Jer-Lib reposed trust and confidence in C&C, Erwin, and Charles that they would fulfill their duties to safeguard the Escrow Funds and comply with their obligations to return the Escrow Funds.

56. C&C, Erwin, and Charles breached their fiduciary duties owed to JerLib by *inter alia*: (1) failing to transfer the full balance of the Escrow Account to JerLib when provided written

10

demand to do so; (2) failing to communicate and respond to JerLib's various demands; (3) failing to provide an accounting of the funds in the Escrow Account; and (4) failing to direct Chase to deliver the balance of the Escrow Account to JerLib.

57. As a direct and proximate result of C&C, Erwin, and Charles' multiple breaches of their fiduciary duties, JerLib has sustained damages. These damages include the loss of the $3,000,000 JerLib deposited into the Escrow Account and loss of use of those funds.

WHEREFORE, Plaintiff, JERLIB INVESTORS, LLC, prays for the entry of judgment on this Count V in its favor and against Defendants, COHN & COHN, ERWIN COHN, and CHARLES COHN, jointly and severally, as follows:

(i) For compensatory damages in an amount to be proven at trial, which JerLib believes will exceed $3,000,000;

(ii) For punitive damages; and

(iii) For such other relief as the Court deems just and proper.

### COUNT VI – CONVERSION
### (COHN & COHN, ERWIN, AND CHARLES)

58. JerLib re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59. JerLib owns and is entitled to the funds being held in the Escrow Account.

60. The Escrow Account is an individual and segregated account that solely holds the Escrow Funds. The Escrow Funds are separately known and identifiable sums.

61. JerLib is entitled to the Escrow Funds pursuant to the terms of the Escrow Agreement.

62. As set forth in ¶¶ 24 to 31 *supra*, JerLib has made repeated demands upon C&C, Erwin, and Charles to return the Escrow Funds.

63. C&C, Erwin, and Charles have inexplicably refused to comply with JerLib's demands. Indeed, they have not even acknowledged JerLib's demands at all.

WHEREFORE, Plaintiff, JERLIB INVESTORS, LLC, prays for the entry of judgment on this Count VI in its favor and against Defendants, COHN & COHN, ERWIN COHN, and CHARLES COHN, jointly and severally, as follows:

 (i) For compensatory damages in an amount to be proven at trial, which JerLib believes will exceed $3,000,000;

 (ii) For punitive damages; and

 (iii) For such other relief as the Court deems just and proper

***TRIAL BY JURY DEMANDED***

Respectfully submitted,

JERLIB INVESTORS, LLC

By: *Victor J. Pioli*
  One of Its Attorneys

Victor J. Pioli
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
312.372.0770 (T)

*Attorneys for Plaintiff,*
*Jerlib Investors, LLC*

## VERIFICATION

Gerald C. Forstner, Jr., Manager of Jerlib Investors, LLC ("Company"), being duly sworn on oath states that to the best of his knowledge, the information set forth in the Verified Complaint for Injunctive and Other Relief is true and correct and that he has the authority to make this verification on behalf of himself and the Company.

*Gerald C. Forstner, Jr.*

Subscribed and Sworn to before
me this 17 day of September, 2019.

*Louise M. Maki*
Notary Public

LOUISE M. MAKI
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Medina County
My Comm. Exp. 5/28/2021