IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JERLIB INVESTORS, LLC, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 19-cv-6203 |
| COHN & COHN, | ) | Judge Andrea R. Wood |
| ERWIN COHN, | ) | |
| CHARLES A. COHN, | ) | |
| LEE S. ROSE, | ) | |
| JOHN KRCIL, | ) | |
| BLACK LION INVESTMENT | ) | |
|    PARTNERS, INC., | ) | |
| BROWN CAPITAL FUNDING | ) | |
|    INTERNATIONAL, | ) | |
| CHRISTOPHER R. BROWN, and | ) | |
| STEPHEN HAY, | ) | |
|     Defendants. | ) | |
| _____ | | |
| COHN & COHN and ERWIN COHN | ) | |
|     Cross-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| LEE S. ROSE, | ) | |
|     Cross-Defendant, | ) | |
|  and | ) | |
| | ) | |
| EDWARD WOOTEN, et al., | ) | |
| | ) | |
|     Third-Party Defendants. | ) | |

**MOTION OF DEFENDANT ERWIN COHN, COHN & COHN, and
CHARLES COHN FOR ENTRY OF DEFAULT AGAINST ALL
CROSS-DEFENDANTS AND THIRD-PARTY DEFENDANTS WHO HAVE DEFAULTED**

Pursuant to Federal Rule of Civil Procedure 55(a), Erwin and Charles Cohn and Cohn & Cohn (for ease of reference, "the Cohn Defendants") respectfully move this Court to enter default judgments against the six cross-defendants and one third-party defendant who have defaulted.

In support of the motion, Erwin states as follows:

1. On September 17, 2019, Plaintiff JerLib filed its Complaint. Dkt.1.

2. On February 17, 2021, Cross-Plaintiffs/Third-Party Plaintiffs Charles Cohn and Cohn & Cohn filed their Crossclaims and Third-Party Claims against six Cross-Defendants Rose, Krcil, Black Lion, Brown, BCFI, and Hay and one Third-Party Defendant Wooten. Dkt.110.

3. On February 18, 2021, Plaintiff JerLib filed its Second Amended Complaint. Dkt.111.

4. On March 10, 2021, Cross-Plaintiff Erwin Cohn filed his Crossclaims and Third-Party Claims against six Cross-Defendants Rose, Krcil, Black Lion, Brown, BCFI, and Hay. Dkt.120.

5. It is undisputed that each of these seven cross- or third-party defendants were served between May 5, 2021 and February 8, 2022, and all but one was served twice.

| Defendant | Served by Charles & Firm | Served by Erwin | Answers Due |
|---|---|---|---|
| Lee Rose | February 18, 2021 | March 10, 2021 | March 10, 2021 March 21, 2021 |
| John Krcil | May 5, 2021 | September 13, 2021 | May 26, 2021 & October 4, 2021 |
| Black Lion | May 5, 2021 | September 14, 2021 | May 26, 2021 & October 5, 2021 |
| Brown Capital | May 5, 2021 | September 27, 2021 | May 26, 2021 & October 18, 2021 |
| Stephen Hay | May 5, 2021 | September 27, 2021 | May 26, 2021 & October 18, 2021 |
| Christopher Brown | May 13, 2021 | February 8, 2022 | June 3, 2021 & March 1, 2022 |
| Edward Wooten | May 13, 2021 | Not a Cross-Defendant of Erwin | June 3, 2021 |

6. In June 2021, JerLib filed motion for default against six of seven of these parties (all but Wooten). Dkts.153, 154. In June through August 2021, the Cohn Defendants also sought default judgments against the same six defendants, as well as Defendant Wooten. Dkts. 155, 167, 173, 201.

7. On March 30, 2022, this Court granted JerLib's motions and granted default

2

judgments against six defendants, Dkt., 205, at 4-5, but denied without prejudice the motions of the Cohn Defendants on the ground that "entering default judgment on Cohn Defendants' and Erwin's claims raises the prospect of logically inconsistent adjudications as to their liability" and was therefore premature. *Id.* at 5-6, *citing Marshall & Ilsley Tr. Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987), *citing Frow v. De la Vega,* 82 U.S. (15 Wall.) 552 (1872). As the Court in *Marshall* explained, however, the Seventh Circuit "has read narrowly the restriction on inconsistent judgments established in *Frow*." *Id.* at 812. The appellate court explained the way in which the *Frow* principle was unique to the facts in *Frow* and identified specific cases in which the entry of a default judgment was appropriate notwithstanding a potential future inconsistent verdict. *Id.*

8. Equally, if not more, importantly, the Court's conclusion that the Cohn Defendants' default motions were premature occurred in March 2022, which was more than a year before this Court granted judgment on three counts in favor of JerLib and against the Cohn Defendants, in March 2023, Dkt.279, and before the Court set December 4, 2023, as the trial date in this case. Dkt.XXX. At this point, with the trial approaching, default judgment against these cross-Defendants and third-party Defendant is wholly appropriate. It would be wholly unreasonable for the Court to inform the jury of liability judgments entered against the Cohn Defendants, but not enter (and inform the jury of) judgments against the cross- and third-party defendants – parties duly named and served – who have refused to participate in this case.

WHEREFORE, the Cohn Defendants respectfully request this Court to enter default judgments on all counts against the six cross-defendants and one third-party defendant identified above.

Dated: September 15, 2023

3

          Respectfully Submitted,

          *ERWIN COHN*

          /s/ *Stuart J. Chanen*

Stuart J. Chanen
Chanen & Olstein
7373 N. Lincoln Ave. Suite 100
Lincolnwood, IL 60712
847-469-4669
Stuart@ChanenOlstein.com

          *CHARLES COHN*
          *COHN & COHN*

          /s/ *Charles A. Cohn*

Charles A. Cohn
COHN & COHN
77 W. Washington St., #1422
Chicago, IL 60602
312-346-9336
cceclaw@aol.com