## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JERLIB INVESTORS, LLC, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 19-cv-6203 |
| | ) | |
| COHN & COHN, et al., | ) | Judge Andrea R. Wood |
|     Defendants. | ) | |
| _____ | | |
| | | |
| COHN & COHN and ERWIN COHN | ) | |
|     Cross-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| LEE S. ROSE, ET AL. | ) | |
|     Cross-Defendants, | ) | |
| And | ) | |
| | ) | |
| EDWARD WOOTEN, | ) | |
| | ) | |
|     Third-Party Defendant. | ) | |

### DEFENDANT ERWIN COHN'S MOTION IN LIMINE # 3
### TO BAR JERLIB's EXHIBITS 63-67 and 74, and 96-98
### <u>ON, RELEVANCE, HEARSAY, AND 403 GROUNDS</u>

Pursuant to Federal Rule of Evidence 401, 402, 801, 802, and 901, Defendant Erwin Cohn, through his Special Representative Abigail Josephs, respectfully moves this Court in *limine* to exclude JerLib Exhibits 63-67, 74, and 96-98 on four grounds. These exhibits are fraudulent documents prepared as part of the Black Lion-BCFI scheme without the authority, knowledge, involvement, or awareness of Cohn & Cohn. More specifically, they are purported escrow agreements between Cohn & Cohn and several additional victims of the Black Lion-BCFI scheme (but are wholly unrelated in any way to the JerLib-Cohn & Cohn Escrow Agreement at issue).

These Escrow Agreements (hereafter, the "Nine Unrelated Agreements") were never signed by Erwin Cohn, and to the best of our knowledge, were never seen by Erwin Cohn. Most importantly, for purposes of this motion, there is no evidence anywhere in the record of where the Nine Unrelated Agreements came from, who prepared them, how they came into the possession of Cohn & Cohn, or when they came into possession of Cohn & Cohn. Although some of them were produced by Cohn & Cohn, the foundation evidence would establish that they were sent to Cohn & Cohn long after they were signed by Rose and long after Rose and his co-schemers had already stolen the money of these additional victims.

The Cohn Defendants therefore move in limine to bar the Escrow Agreements Unrelated to JerLib on the following grounds:

(1) JerLib cannot lay a proper foundation for the Escrow Agreements Unrelated To JerLib under Federal Rule of Evidence 901, establishing that the agreements are what they purport to be or when and how they were received by JerLib;

(2) The Escrow Agreements Unrelated To JerLib are not relevant to the dispute between JerLib and the Cohn Defendants under Federal Rule of Evidence 401 and 402;

(3) The Escrow Agreements Unrelated To JerLib are all inadmissible hearsay under Federal Rule 801 and 802 in that they are "out-of-court" "written statements" that are being offered for the truth of JerLib's allegation that Cohn & Cohn entered into these Escrow Agreements, when in fact they did not; and

(4) The Escrow Agreements Unrelated To JerLib are highly prejudicial under Federal Rule of Evidence 403 because even if the Court were to find these unrelated agreements relevant (which it should not), the Court should still exclude them because their probative value is substantially outweighed by a danger of (a) "confusing the issues" for the jury; (b) "wasting [the jury's] time," and (c) "unfair prejudice" to the Cohn Defendants. This ten-defendant case will be complicated enough as it is without allowing JerLib to go down the rabbit hole of other victims that were pulled into the Black Lion-BCFI scheme, given that not a single one of these other victims have joined this suit or otherwise filed federal or state litigation against Cohn & Cohn and its partners.

In further support of this Motion in Limine # 3 ("MIL #3"), Defendant Erwin Cohn, joined by Defendant Charles Cohn and Cohn & Cohn, state as follows:

## I.     JerLib Cannot Lay A Proper Foundation For These Nine Exhibits

Federal Rule of Evidence 901(a) provides that the proponent of an exhibit must produce credible evidence sufficient to support a finding by the Court that the item is what the proponent claims it is. JerLib cannot do that for these documents. No witness who will testify at this trial will be able to identify these documents or the purported signatures on the documents. These exhibits were shown to Mr. Rose at his deposition, and he testified that he had never seen them before and that what purported to be his signature was not his signature. *See*, *e.g.*, Rose Dep. at 270 re: Exh. 63 ("Not my signature"); *Id.* at 278 re: Exh. 67 (same); *Id.* at 278 re: Exhs. 63-67 ("I didn't authorize anyone to sign my signature."); *Id.* at 267 (never authorized the use of any document in this format that lists me as a partner in Cohn & Cohn). With respect to all Nine Unrelated Agreements about which he was asked, he testified that the signature of "Lee Rose" on the document was not his signature. (Mr. Cohn was shown only one of these nine documents, and he stated he had never seen it before and was unaware of the people involved on the other side. Cohn Dep. at 147-49.)

JerLib has not yet stated the manner in which it intends to try to use these documents, but to the extent that JerLib suggests that they were Escrow Agreements entered by the law firm of Cohn & Cohn or that they were entered with the knowledge of Erwin or Charles Cohn, there is simply no evidence anywhere in the record to support that. If we are mistaken and JerLib has a witness that can lay a proper foundation for these documents, then we stand corrected and apologize to the Court and counsel, but as far as we can see, there is no witness on JerLib's witness list (including the Lee Rose and Erwin Cohn deposition transcripts) that lays a foundation for any these nine documents. The documents should be barred on that basis alone.

### 2.     The Documents Are Not Relevant To the JerLib-Cohn Defendant Dispute

In addition to not being able to lay a foundation, the Nine Unrelated Agreements are irrelevant to any of JerLib's claims. Federal Rule of Evidence 401 provides that "relevant

evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Ev. 401, while Rule 402 states unequivocally that "Irrelevant evidence is not admissible." Fed. R. Civ. P. 402. The Nine Unrelated Agreements have nothing whatsoever to do with any of the disputed issues of fact between JerLib and the Cohn Defendants, nor will any question directed to a witness about these documents make any fact of consequence to the jury any more or less likely. Indeed, the only witnesses on JerLib's witness list who even arguably know about these documents are Lee Rose and Erwin Cohn, and their testimony is being submitted through deposition. Neither has anything relevant to say about any of the Nine Unrelated Agreements. That is all the Court needs to know to bar the documents under Rule 402.

### 3. **The Documents Are Inadmissible Hearsay**

The documents are inadmissible hearsay under Rule 802, and there is no Rule 803 exception that applies. The hearsay problem is particularly acute in this case where there is no witness who can lay a proper foundation for any of the nine documents.

### 4. **The Prejudicial Effect of the Documents and The Confusion of Issues They Will Cause Substantially Outweigh the Purported Probative Value of These Documents**

For the reasons already stated, the Nine Unrelated Agreements should not be admitted into evidence. If, however, the Court were to reject all three arguments above, the Court should still bar the evidence under Federal Rule of Evidence 403, which provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Civ. P. 403. Even if the Court were to conclude that the documents are relevant (which it should not), they are at best, barely so, and their probative value is extremely low.

4

Given the low probative value of these nine exhibits, the Court can and should easily conclude that that limited value is substantially outweighed by the risk of both confusing the jury and prejudicing the Cohn Defendants.

A central issue in this case is the complex series of facts related to how the Escrow Agreement *at issue in this case* came to be signed. Throwing nine other Escrow Agreements into the case – which do not involve JerLib, its principals, its agents, or its contacts on this transaction, at all and which cannot be tied to Cohn & Cohn (in their possession) until after the money was stolen – will simply confuse the issues that must be decided about the Escrow Agreement between JerLib and Cohn & Cohn.

And, closely related to the potential confusion is extreme prejudice to the Cohn Defendants. There is little dispute that Lee Rose was involved in a massive fraud scheme and stole $4 million of victims' money, $3 million of which belonged to JerLib. Plaintiff has so pled and argued since September 2019, Dkts. 1, 34, 111, and the Cohn Defendants agree. To that end, a liability default judgment has been entered against Defendant Rose on five counts: breach of fiduciary duty, conversion, fraud, consumer fraud, and conspiracy. He is a liable fraudster with respect to this case. Therefore, it would be extremely unfair to allow JerLib to use documents that Rose almost assuredly created and entered with other victims – but now disavows – as a way to further sully the Cohn Defendants with illegal acts taken solely by Rose, acts of which there is no evidence that the Cohn Defendants were aware or involved in in any way.

No witness will testify that Cohn & Cohn ever saw these documents until well after Rose and his co-schemers stole approximately $4 million, nor will there be evidence that anyone from Cohn & Cohn knew of or talked to any of the investors who entered the Nine Unrelated Agreements, or even knew of their existence. In this regard, the Cohn & Cohn Defendants have one very particular concern. The Cohn & Cohn Defendants did not receive any of the Nine

5

Unrelated Agreements until well after the fraudsters effectuated their scheme and stole the money. If these exhibits are admitted, there is an enormous risk that JerLib will use the Cohn & Cohn bates label to create the completely false narrative that Cohn & Cohn was aware of and/or had these agreements contemporaneously with their preparation and their being signed, and contemporaneously with the theft of the funds, none of which is true. In sum, the risk of unfair prejudice to the Cohn Defendants to admit these documents is simply too high, and that is especially true given these documents' extremely low probative value.

For all these reasons, the Cohn Defendants respectfully request this Court to bar JerLib Exhibits 63, 64, 65, 66, 67, 74, 96, 97, and 98 (the Nine Unrelated Agreements).

Dated: October 16, 2023    Respectfully Submitted,

*DEFENDANT/COUNTER-PLAINTIFF*
*ERWIN COHN*

/s/ *Stuart J. Chanen*

Stuart J. Chanen
Chanen & Olstein
7373 N. Lincoln Ave. Suite 100
Lincolnwood, IL 60712
847-469-4669
Stuart@ChanenOlstein.com