**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERLIB INVESTORS, LLC, <br> a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> COHN & COHN, an Illinois partnership, <br> ERWIN COHN, CHARLES A. COHN, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 19-cv-06203 <br><br> Judge Andrea R. Wood <br><br> Mag. J. Sheila M. Finnegan |

**MOTION IN LIMINE NO. 7:**
**TO BAR ANY EVIDENCE OR TESTIMONY THAT DEFENDANTS' CONDUCT FELL WITHIN THE "GOOD FAITH" EXCEPTION OF THE ESCROW AGREEMENT**

Plaintiff, JERLIB INVESTORS, LLC ("JerLib"), by its undersigned counsel, hereby moves this Honorable Court for entry of an order in *limine* barring Defendants, their attorney and/or witnesses from making any argument and presenting any evidence that Defendants' conduct fell within the "good faith" exception of the escrow agreement. In support of its motion, JerLib states as follows:

1. At issue in this case is Erwin's execution of an escrow agreement in March 2019 and his conduct leading up to and shortly following the execution. JerLib claims that Erwin committed fraud and consumer fraud by, amongst other things, falsely stating that Lee Rose was a financial specialist who managed escrow services for Cohn & Cohn ("C&C").

2. Plaintiff expects that Defendants will argue at trial that Defendants' conduct fell within the exculpatory clause of the escrow agreement that absolves C&C from liability for acts or omissions made in good faith. Such argument must be barred for two reasons.

3. First, this Court has already granted Plaintiff summary judgment as to its breach of

1

contract claim relating to the escrow agreement. The only remaining counts of Plaintiff's Second Amended Complaint for the jury are Counts VII (fraud) and Count VIII (consumer fraud). The exculpatory provision of the escrow agreement provides no defense to the remaining claims and is therefore irrelevant. Fed. R. Evid. 402.

4. Second, the Court has already rejected as a matter of law any argument that Erwin's supposedly honest reliance on Lee Rose absolved Defendants from liability under the good faith provision of the escrow agreement. As the Court explained:

> Especially since section 11 must be strictly construed against Cohn & Cohn (the party seeking its protection), the Court cannot conclude that it protects Cohn & Cohn from liability for the acts of someone expressly granted authority to act on its behalf—*i.e*., that Cohn & Cohn is shielded from responsibility for its own fraud.
> ***
> In short, by signing the Escrow Agreement, Erwin obligated Cohn & Cohn to safeguard the $3 million JerLib deposited into the Escrow Account. Further, Erwin authorized Rose to act on behalf of the firm with respect to the Escrow Account, thus making Rose's fraud Cohn & Cohn's fraud. For that reason, Firm Defendants cannot now use section 11's exculpatory clause to claim that Cohn & Cohn acted in good faith such that it cannot be liable for Rose's misconduct.

[ECF No. 279, pp. 16-17].

5. Therefore, any argument that the "good faith" clause of the escrow agreement exculpates Defendants is unfounded and would only serve to confuse the jury if presented at trial. Fed. R. Evid. 403.

WHEREFORE, for all of these reasons, Plaintiff, JERLIB INVESTORS, LLC, prays that this Honorable Court enter an order in *limine* barring Defendant from making any argument and presenting any evidence that Defendants' conduct fell within the "good faith" exception of the escrow agreement, and for such other relief as the Court deems just and proper.

Respectfully submitted,

JERLIB INVESTORS, LLC

By:   /s/ *Victor J. Pioli*
   One of Its Attorneys

Victor J. Pioli
Ramses Jalalpour
JOHNSON & BELL, LTD.
33 West Monroe St., Ste. 2700
Chicago, Illinois 60603
312.372.0770 (T)

*Attorneys for Plaintiff,*
 *JerLib Investors, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                                             */s/ Victor J. Pioli*