UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERLIB INVESTORS, LLC, a Florida limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-06203 |
| v. | ) ) ) | Judge Andrea R. Wood |
| COHN & COHN, an Illinois partnership, ERWIN COHN, CHARLES A. COHN, et al. | ) ) ) | Mag. J. Sheila M. Finnegan |
| Defendants. | ) ) | |

**PLAINTIFF'S RULE 54(b) MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST COHN & COHN, ERWIN COHN, AND CHARLES COHN AND FINAL DEFAULT JUDGMENT AGAINST LEE ROSE, JOHN KRCIL, BLACK LION INVESTMENT PARTNERS, INC., BROWN CAPITAL FUNDING INTERNATIONAL, LLC, CHRISTOPHER BROWN, AND STEPHEN HAY**

Plaintiff, JERLIB INVESTORS, LLC ("JerLib"), by its undersigned counsel, hereby moves this Honorable Court pursuant to FED. R. CIV. P. 54(b) for entry of a final judgment against Cohn & Cohn, Erwin Cohn and Charles Cohn on Counts IV (Breach of Contract), V (Breach of Fiduciary Duty), and VI (Conversion) of its Second Amended Complaint [ECF No. 111] and for which the Court has granted summary judgment in JerLib's favor and against Erwin Cohn and Charles Cohn [ECF No. 278] and for entry of default judgment against Lee Rose, John Krcil, Black Lion Investment Partners, Inc., Brown Capital Funding International, LLC, Christopher Brown, and Stephen Hay pursuant to FED. R. CIV. P. 55 and 54(b). In support of its motion, JerLib states as follows:

### I.    *JerLib's Previous Motions And The Court's August 8, 2024 Order*

1.    On April 19, 2024, JerLib filed its: (1) Rule 54(b) motion for entry of final judgment on summary judgment claims against Erwin Cohn and Charles Cohn [ECF No. 394]; and (2) Rule 55 renewed motion for default judgment against Lee Rose, John Krcil, Black Lion Investment

1

Partners, Inc., Brown Capital Funding International, LLC, Christopher Brown, and Stephen Hay [ECF No. 395].

2. On August 8, 2024, the Court entered its order which denied both the Rule 54(b) motion for entry of final judgment and the Rule 55 renewed motion for default. [ECF No. 409]. As to the Rule 54(b) motion for entry of final judgment against Erwin Cohn and Charles Cohn, the Court ruled that a partial final judgment could not be entered against Erwin Cohn and Charles Cohn all of JerLib's claims had not been and could not be fully adjudicated as to all parties. [ECF No. 409, at 3]. The Court ruled that this was true for two reasons: (1) the automatic stay applied by virtue of Cohn & Cohn's bankruptcy filing precluded a full adjudication of JerLib's breach of contract, breach of fiduciary duty, and conversion claims for which it sought judgment; and (2) JerLib's pending fraud and consumer fraud claims against the Cohn Defendants prevented a full adjudication of JerLib's claims. [ECF No. 409, at 3-4].

3. The Court specifically ruled and found as follows with respect to JerLib's Rule 54(b) motion for entry of final judgment against Erwin Cohn and Charles Cohn:

> …First, *the automatic bankruptcy stay precludes this Court from entering a final judgment as to Cohn & Cohn.* That means any Rule 54(b) judgment would fail to fully adjudicate the breach of contract, breach of fiduciary duty, and conversion claims for which JerLib was awarded summary judgment because each of those claims is also asserted against Cohn & Cohn. Nor would a Rule 54(b) judgment resolve all claims against Charles and Erwin, since the two fraud claims remain unadjudicated as to them.
>
> Moreover, even if Cohn & Cohn were not in bankruptcy such that a Rule 54(b) judgment could fully resolve the breach of contract, breach of fiduciary, and conversion claims, *JerLib's continued pursuit of the fraud claims as to Cohn Defendants would still make it improper to enter a Rule 54(b) judgment…*
> ****
>
> *So long as the fraud claims remain in this case, the Court cannot enter a partial judgment that would fully adjudicate all the claims against Charles and Erwin. And so long as Cohn & Cohn remains in bankruptcy, the Court cannot enter a judgment that would fully adjudicate any individual claim against Charles and Erwin.* The presence of the fraud claims therefore precludes entry of a Rule 54(b) judgment and JerLib's motion is denied.

[ECF No. 409, at 3, 4] (emphasis added).

4. In sum, the Court concluded that JerLib's Rule 54(b) motion was precluded by: (1) the automatic stay in place as a result of Cohn & Cohn's bankruptcy filing; and (2) JerLib's pending fraud claims against the Cohn Defendants.

## II. All Issues Regarding Cohn & Cohn's Bankruptcy Filing And The Fraud Claims Have Now Been Resolved And There Is No Reason To Delay Entry Of Judgment On JerLib's Claims

5. The two issues that the Court identified in its August 8, 2024 order as precluding the entry of final judgment pursuant to Rule 54(b) have now been resolved and there are no remaining obstacles to the entry of final judgment against Cohn & Cohn, Erwin Cohn, and Charles Cohn for the three counts for which the Court has entered summary judgment against them – *i.e.*, breach of contract (Count IV), breach of fiduciary duty (Count V), and conversion (Count VI). [ECF No. 279].

6. First, there is no more bankruptcy stay as to Cohn & Cohn as it pertains to JerLib's prosecution of its claims in this case. On September 30, 2024, the Bankruptcy Court granted JerLib's motion to modify the stay so that it could pursue its claims against Cohn & Cohn in this Court so that a final judgment could be entered against Cohn & Cohn. [ECF No. 419] (attaching copy of Bankruptcy Court's September 30, 2024 order).

7. Second, at the hearing in this matter on August 9, 2024, JerLib orally moved to dismiss its fraud (Count VII) and consumer fraud (Count VIII) claims against the Cohn Defendants. [ECF No. 410, at 2]. JerLib has also moved to dismiss all other pending claims against the Cohn Defendants aside from the claims for which the Court has already entered summary judgment – *i.e.*, breach of contract (Count IV), breach of fiduciary duty (Count V), and conversion (Count VI).

8. Both of the issues identified by the Court in its August 8, 2024 order which precluded the entry of final judgment pursuant to Rule 54(b) have now been fully resolved. There is no remaining impediment to the entry of final judgment for $3 million against Cohn & Cohn, Erwin

3

Cohn, and Charles Cohn on the counts for which the Court has already entered summary judgment – *i.e.*, breach of contract (Count IV), breach of fiduciary duty (Count V), and conversion (Count VI).

9. There is no dispute as to the amount of the judgment (*i.e.*, $3 million). Indeed, the Court found in its summary judgment opinion that "JerLib deposited $3 million into the Escrow Account" and did not obtain "the return of its funds." [ECF No. 279, at 6, 8]. More importantly, the Cohn Defendants have stipulated that JerLib's damages are $3 million. Indeed, when the parties submitted their pretrial materials, the Cohn Defendants submitted their Proposed Jury Instruction No. 19 which states as follows:

> If you determine that Defendants are liable, then you need not determine what amount of compensatory damages Plaintiff is entitled to recover since *the parties have stipulated that the amount of JerLib's compensatory damages are $3 million*.

[ECF No. 327-7, at 27] (emphasis added).

10. The parties have agreed and stipulated that the amount of JerLib's damages is $3 million. There is no just reason at this point why a final judgment should not be entered in JerLib's favor against Cohn & Cohn, Erwin Cohn, and Charles Cohn in that amount on JerLib's breach of contract (Count IV), breach of fiduciary duty (Count V), and conversion (Count VI) claims.

### III. None Of The Cohn Defendants' Tired Arguments Can Prevent Entry Of Judgment On JerLib's Claims

11. In response to JerLib's original Rule 54(b) motion, the Cohn Defendants filed a response where they raised meritless arguments that they have raised numerous times before. [ECF No. 399]. The gravamen of the Cohn Defendants' argument is that (despite the Court's entry of summary judgment against them and their stipulation as to the amount of JerLib's damages – *i.e.*, $3 million), they are somehow entitled to a jury trial in which they will be permitted to argue that that no damages should be awarded against them and that a damages judgment should only be entered against Lee Rose (or the other Cohn Defendant). The Cohn Defendants specifically argued:

4

> Instead, the jury will have to decide *how much of the $3 million should be assessed against Rose, how much against Erwin, how much against Charles (and arguably, how much against Cohn & Cohn* if it ever makes its way back into this lawsuit, which seems doubtful).[1]

[ECF No. 399, at 5] (emphasis added).

12. As an initial matter, the Cohn Defendants concede that their "apportionment" argument does not apply to JerLib's conversion claim (Count VI). [ECF No. 399, at 5] ("…Erwin concedes that this argument does not apply to the conversion claim…").

13. Unfortunately for the Cohn Defendants, their "apportionment" argument does not apply to JerLib's breach of contract (Count IV) and breach of fiduciary duty (Count V) claims either. Significantly, the Cohn Defendants' entire argument is premised on Illinois Pattern Jury Instruction (IPI) 600.02. [ECF No. 399, at 5]. IPI 600.02 is part of the 600 series of the Illinois Pattern Jury Instructions which deal with claims for "contribution" under Illinois law. Under established and irrefutable law, neither a claim for breach of contract nor a claim for breach of fiduciary duty may give rise to or implicate a claim for contribution. *J. M. Krejci Co. v. Saint Francis Hosp.*, 499 N.E.2d 622, 623 (Ill. App. Ct. 1986) ("Contribution, however, is predicated upon tort, not contract, liability"); *People ex rel. Hartigan v. Cmty. Hosp. of Evanston*, 545 N.E.2d 226, 230 (Ill. App. Ct. 1989) "[A]n action for breach of fiduciary duty is not a 'tort' for purposes of the Illinois Contribution Act"). Thus, as a legal matter, the Cohn Defendants' "apportionment" argument is utterly meritless and has no basis whatsoever.

14. Moreover, the Cohn Defendants' "apportionment" argument suffers from an even more fundamental error. The notion that the Cohn Defendants are entitled to a trial at which they will apparently argue that each other should be held liable for JerLib's losses ignores the entire concept of "joint and several" liability under the Illinois Uniform Partnership Act (the "Act").

---

[1] It should be noted that Cohn & Cohn has, indeed, "made its way back into this lawsuit." [ECF No. 419].

Specifically, the Act provides, *inter alia*, as follows:

> Except as otherwise provided in subsections (b) and (c) of this Section, *all partners are liable **jointly and severally** for all obligations of the partnership unless otherwise agreed by the claimant or provided by law*.

805 ILCS 206/306(a) (emphasis added). Erwin and Charles are "joint and severally" liable for the JerLib's losses. Erwin's insistence that he is severally liable, not joint and severally liable, under JerLib's breach of contract (Count IV) and breach of fiduciary duty (Count V) claims is simply false, wholly unsupported, and contrary to law.

### IV. There Are No Impediments To Entry of Default Judgments Against The Remaining Non-Cohn Defendants

15. As to JerLib's renewed motion for default judgment against the non-Cohn Defendants (*i.e.*, Lee Rose, John Krcil, Black Lion Investment Partners, Inc., Brown Capital Funding International, LLC, Christopher Brown, and Stephen Hay) pursuant to FED. R. CIV. P. 55, the Court denied that motion in its August 8, 2024 order on the basis of the existence of JerLib's unresolved fraud claims against the Cohn Defendants. The Court specifically stated, *inter alia*, as follows:

> But once again, the continued presence of the unadjudicated fraud claims against Cohn Defendants preclude JerLib's requested relief. JerLib seeks to hold all Defendants jointly and severally liable on the fraud claims, and therefore *the unresolved liability of Cohn Defendants as to those claims* precludes entry of a damages award.

[ECF 409, at 4].

16. As set forth in ¶¶ 7-8 *supra*, there is no more "unresolved liability of Cohn Defendants" on JerLib's fraud claims as those claims have been voluntarily dismissed. Thus, in accordance with the Court's August 8, 2024 order, there are no more impediments to the entry of final default judgments against Lee Rose, John Krcil, Black Lion Investment Partners, Inc., Brown Capital Funding International, LLC, Christopher Brown, and Stephen Hay.

WHEREFORE, for all of these reasons, Plaintiff, JERLIB INVESTORS, LLC, respectfully request that this Honorable Court enter an order pursuant to Fed. R. Civ. P. 54(b) granting final judgment in the amount of $3 million in JerLib's favor and against Cohn & Cohn, Erwin Cohn and Charles Cohn on Counts IV (Breach of Contract), V (Breach of Fiduciary Duty), and VI (Conversion) of its Second Amended Complaint [ECF No. 111] and for which the Court has granted summary judgment in JerLib's favor and against Erwin Cohn and Charles Cohn [ECF No. 279], granting final default judgments against Lee Rose, John Krcil, Black Lion Investment Partners, Inc., Brown Capital Funding International, LLC, Christopher Brown, and Stephen Hay in accordance with the liability and amounts set forth in JerLib's prior filed motions [ECF Nos. 167 and 395] which are incorporated herein, and finding that there is no just reason for delay in entering its final judgment.

          Respectfully submitted,

          JERLIB INVESTORS, LLC

          By:__/s/ *Victor J. Pioli*_____
               One of Its Attorneys

Joseph R. Marconi (marconij@jbltd.com)
Victor J. Pioli (pioliv@jbltd.com)
Ramses Jalalpour (jalalpourr@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
312.372.0770 (T)

*Attorneys for Plaintiff,*
 *Jer-Lib, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                                                */s/ Victor J. Pioli*

Case: 1:19-cv-06203 Document #: 421 Filed: 10/16/24 Page 8 of 8 PageID #:6804